### SINGER v. AMERICAN DRUGGISTS' SYNDICATE.

(District Court, E. D. New York. May 8, 1916.)

PATENTS &=328—VALIDITY AND INFRINGEMENT.

The Singer patent, No. 880,410, for a combined carton and display device, claims 1, 2, 3, and 4, construed, and *held* not anticipated valid and infringed.

In Equity. Suit by Joseph B. Singer against the American Druggists' Syndicate. On final hearing. Decree for complainant.

Goepel & Goepel, of New York City (C. P. Goepel, of New York City, of counsel), for plaintiff.

Robert B. Olsen, of New York City (Alfred C. Coxe, Jr., of New York City, of counsel), for defendant.

CHATFIELD, District Judge. The patent with which we are concerned in this case (No. 880,410, of February 25, 1908, on application

filed November 13, 1906) has recently been before the District Court in the Southern District, in an action charging infringement of claims 2, 3, and 4 thereof, which were held valid and infringed. The decision is reported in Singer v. Lamont, Corliss & Company, 227 Fed. 462, affirmed by the Circuit Court of Appeals, on the opinion of the court below, upon the 9th day of November, 1916.

It is unnecessary to restate the matters set forth in those opinions and the questions involved in the present suit, in so far as they were covered by the decision of the Court of Appeals, are conclusively settled for this court. The plaintiff is therefore entitled to a decree herein so far as claims 2, 3, and 4 are concerned, for such acts of infringement of those claims as may be shown to have occurred within this district. But the plaintiff has, *in this action,* included claim 1. The defendant attacks its validity and also denies infringement if claim 1 be limited in such a way as to present patentable ideas.

Claims 2, 3, and 4 involve the construction of a paper carton or box which affords a front display surface *and* a back display surface, so arranged as to allow of their being printed upon the same side of the sheet of paper from which the box is formed. These claims also cover the plan or shaping of the box so as to be folded from one sheet of paper, with the printing upon the one side and with the parts so arranged as to make a strong and convenient box for handling, which, when stacked, will sustain the weight and equilibrium of a pile of goods, and also one in which the various tongues or flaps are inserted into the folded edge when set up for display purposes.

These points are discussed in the opinions referred to, and should be borne in mind in reading claim 1, which is as follows:

"1. The improved carton and display device comprising a body having folded ends and slots in the upper edge of said ends, a back display surface attached to said body, brackets on the said back display surface, and tongues on the said brackets engaging the said slots in the said ends."

In the prior art submitted upon the trial of the case in the Southern District, patents such as Webb, No. 642,182, January 30, 1900, Wilcox, No. 615,417, December 6, 1898, Swiss letters patent, No. 24,957, October 4, 1901, Davis, No. 692,990, February 11, 1902, were cited, from which it appears that the making of a substantial box from one sheet of paper by so arranging and shaping the parts that the box can be constructed by folding alone, was well known. These patents show the folding over of one part to make a firm edge either for insertion between the contents and the side of the box, or between two folds of any side. They also show the use of folded sides to furnish rigidity and the telescoping of such parts of the box as might make uneven thickness and bulging sides, where the piling of goods requires a flat face.

The opinion in the Lamont, Corliss & Company Case also shows consideration of the Thayer box designed by one John F. Carver, of the Thayer Company, which is said to have been upon the market since January, 1902. This Thayer box shows what was of course an old idea, viz., the printing or placing of advertising and labeling matter upon different parts of the box containing any kind of merchandise.

It also shows an opening in the top of the box, closed by a folding cover, with wings folding to the front of and inside the cover. This cover, when placed in a vertical position, is held from closing by wings at each side. Each wing has a tongue which is inserted through a slit at the edge where the inside or false top is bent over from the ends. This Thayer box requires the pasting down of one edge of this false top. The tongues to the side wings do not hold the top from tipping backward beyond the vertical position, except to a very slight extent from the mere frictional contact of the tongue with the slot through which it passes.

The case in the Southern District recognized that the printing upon the inside of the top of the Thayer box was intended for advertising display, and in that sense that the Thayer box was to be used in exactly the same way and for the same purpose as that of the patent in suit. But novelty was found over the Thayer box and the patents above referred to, in that the patent in suit required no gluing or pasting, was so planned that all of the advertising matter presented on the display surfaces, which face the customer when the box is open, could be printed upon the same side of the blank from which the box was formed, and that the plan of the parts furnished in a *new way* a substantial and strong box which left an absolutely flat surface for piling when closed.

To this extent the present case involves exactly the same points, and it is conceded for the purposes of this case, by the defendants, that the final decision of the Court of Appeals has established patentable novelty in the particular combination (under claims 2, 3, and 4) in which a front folded display surface is present. These claims, therefore, have been infringed in this district by the exhibit box labeled "A D S Worm Lozenges," which contains all of the features found infringed by the case in the Southern District. The defendants have now, however, produced another box from the prior art, which differs from the Thayer box, in that it has less folds, and that more of the parts are pasted together, but is otherwise identical in form and principle therewith.

The testimony shows that this style of box was manufactured as early as the year 1903, and that the precise exhibit presented to the court was manufactured before the year 1905. This is definitely shown by the fact that a photograph is pasted into the box, which around that year was changed to a lithographed picture. Since that time no photographs have been used. The testimony shows satisfactorily and conclusively that this precise form of box (in which a gum called "Dentyne" was sold in packages) was openly sold on the market in considerable quantities more than two years before the application for the patent in suit. But this box presents no different defense than that of the Thayer box, for the parts in question are exactly alike with those of the Thayer box, both in shape, in arrangement, and in function, so far as the claims under discussion are concerned.

Some testimony was offered upon the present trial to show that the original style of Thayer box did not have tongues and wings separated or detached from the sides of the box, but that, on the contrary, these

wings were a part of the side and merely folded in so as to wedge up the top when the box was closed. The Thayer catalogue introduced in evidence and the Thayer exhibit seem to satisfactorily show that the wing and the side were not integral, and the presentation of the Dentyne box not only settles the question so far as the form of the Thayer box is concerned, but also makes immaterial the possibility that at some time the Thayer box might have been constructed with the wings and side all in one piece.

Neither the Thayer nor the Dentyne box has a front folded over display surface, and therefore they present an issue under claim 1 in addition to those of claims 2, 3, and 4. But, when we consider claim 1, we have presented to us most of the points of originality and improvement which led the court in the Lamont, Corliss & Company Case, supra, to find patentability over the prior art. In claim 1 the folded over front display surface is omitted. The front side of the box may consist of less thicknesses or may be left blank, as it is considered merely a part of the box and does not enter into the claim of invention.

The patentee shows by this claim, as based upon the specifications, a box differing from the Thayer or Dentyne boxes, in that there is present no false or inside cover. He thus causes the wings to pass down between the contents and the side of the box and allows the top to telescope or shut in, so as to present a flat surface when the boxes are piled upon each other.

The box constructed according to claim 1 provides for the display of advertising upon the inside of the cover, but holds this cover in place by inserting the tongue into a slit between two thicknesses of folded cardboard, against which the contents of the box come directly in contact until the articles at each end of the box are removed, and in which in any event the tongue is held with greater friction, so that the top does not go back of the perpendicular as easily as in the Thayer or Dentyne boxes.

The box constructed according to claim 1, also by its general design and by the folding over of the parts forming the ends, gives rigidity and strength without the pasting of a rim or false top. In one sense it presents an economy of material and in another a saving of labor. The possibility of arranging the printing, so as to use but one side of the box, while not in combination with a front display surface (as in claims 2, 3, and 4), is nevertheless recognized as one of the inherent features to which the design of the box must lend itself. In this respect, of course, the box constructed according to claim 1 would be no different from the Thayer box or the Dentyne box, and is the same as the form used by the defendants.

But it is not the mere idea of making the box from one piece of paper, or of making a box on which the printing can be all upon one side, which is presented as patentable novelty. The invention, if present at all, must be found in the idea of so combining the desired qualities and the necessary parts of the structure as to furnish an advantageous, commercially practical device, which differs from the structures of the prior art, and which shows in those very differences an

appreciation of the effect of certain changes in form, so as to retain the qualities of the old, and add thereto points of attractiveness when offered for commercial use. In this sense claim 1 of the patent does not seem to be anticipated, nor do the boxes presented from the prior art show any prior use of the precise idea which is embodied in claim 1. This idea seems to the court to be ingenious and practical enough to be treated as an invention and is plainly infringed by the defendant.

Analogy to the reasoning of the District Court and the Court of Appeals in the case of Singer v. Lamont, Corliss & Company, supra, leads to the conclusion that claim 1 would have been found valid and infringed if it had been included in that case. The decision of this court will be that claim 1 is valid as a separate invention, and that claims 2, 3, and 4 are valid as a combination of the device of claim 1 with the other parts added in by claims 2, 3, and 4.

The defendant infringes all four of the claims, and the plaintiff may have a decree.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes